IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CORNUCOPIA INSTITUTE<br>901 Platt Street<br>Eau Claire, WI 54703<br><br>      Plaintiff,<br><br>    v.<br><br>AGRICULTURAL MARKETING SERVICE<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 16-cv-<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff The Cornucopia Institute ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Agricultural Marketing Service ("AMS") in failing to provide Plaintiff with all nonexempt records pursuant to its June 23rd, 2015 request seeking records for the "entire investigative files for five operations". The request included the names of the five operations: Rosewood Products, The Sixty, Serenigy, Magill Ranch, and Organic Avenue Juices.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, The Cornucopia Institute, is an 501(c)(3) organization that, at all times relevant herein, has its primary administrative office in the city of Eau Claire, Eau Claire County, Wisconsin.

5. Defendant Agricultural Marketing Service is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C.§ 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about June 23, 2015 Plaintiff sent a FOIA request to the Agricultural Marketing Service (AMS), seeking records for the "entire investigative files for five operations". The request included the names of the five operations: Rosewood Products, The Sixty, Serenigy, Magill Ranch, and Organic Avenue Juices.

14. On or about June 26, 2015 Carey Hyde-Michaels, on behalf of defendant stated that defendant received the FOIA request on June 24, 2015. Defendant designated tracking number 2015-AMS-04227-F.

15. On or about October 7, 2015 Plaintiff's representative asked, via email to Defendant "could you let us know where" this FOIA stands.

16. On or about October 7, 2015 Defendant's representative stated "the National Organic Program is in the process of retrieving responsive records for you on these for your request. As soon as all the records have been identified we will provide page counts for you."

17. As of the date of the filing of this action, Plaintiff has still not received all non-exempt records from Defendant AMS to Plaintiff's June 23, 2015 FOIA request, nor has Defendant conducted an adequate search.

### VII. CLAIM: AMS VIOLATION OF FOIA

18. Plaintiff realleges, as if fully set forth herein, paragraphs 1 –17 previously set forth herein.

19. Defendant AMS has violated FOIA by failing to provide Plaintiff with all non- exempt responsive records for its June 23, 2015 FOIA request, and by failing to

complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

20. By failing to provide Plaintiff with all non-exempt responsive record to its June 23, 2015 FOIA request as described above, and by failing to perform an adequate search for responsive records, Defendant AMS has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

21. Unless enjoined by this Court, Defendant AMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

22. Plaintiff is directly and adversely affected and aggrieved by Defendant AMS's failure to provide responsive records to its FOIA request described above.

23. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant AMS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its June 23, 2015 FOIA request.

2. Declare Defendant AMS has violated FOIA by failing to complete

an adequate search for all records responsive to its June 23, 2015 FOIA request.

    3. Direct by injunction that AMS perform an adequate search for responsive records to Plaintiffs' June 23, 2015 FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiffs' June 23, 2015 FOIA request.

    4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

    5. Provide such other relief as the Court deems just and proper.

DATED: This 9th day of May, 2016.

Respectfully submitted,

   /s/C. Peter Sorenson

C. Peter Sorenson (438089)
SORENSON LAW OFFICE
P.O. Box 10836
Eugene, Oregon 97440
(541) 606-9173
petesorenson@gmail.com
Lead counsel for Plaintiff

Daniel J. Stotter (WI0015)
 STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
Counsel for Plaintiff